**William Kenneth PRICE, Plaintiff,**

v.

**Richard PRETTO et al., Defendants,**
**Panama Canal Company, Intervener.**

**Civ. No. 2967.**

District Court, Canal Zone,
Division Cristobal.

Jan. 19, 1972.

Albert J. Joyce, Jr., Harry H. Allen, Jr., Ancon, Canal Zone, for plaintiff.

S. T. Frankel, Cristobal, Canal Zone, DeCastro & Robles, Balboa, Canal Zone, for defendants.

Dwight A. McKabney and Michael M. Parrish, Balboa Heights, Canal Zone, for intervener.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

### FINDINGS OF FACT

CROWE, District Judge.

The following are adopted from the Stipulation of Facts entered into by the parties on November 29, 1971:

1. The Court has jurisdiction of the parties and of the subject matter of this action.

2. This action arises from a motor vehicle collision that occurred in the Canal Zone on September 7, 1968. At the time of the collision the plaintiff, William Kenneth Price, was operating a motor vehicle that was struck by a motor vehicle operated by Richard Pretto. The plaintiff suffered injuries in the motor vehicle collision.

3. The proximate cause of the motor vehicle collision on September 7, 1968 was the negligence of Richard Pretto. The negligence of Richard Pretto is imputed to his employers, Esso Standard Oil, S. A., Ltd., and to its successor, Esso Marine Supply Company, Ltd.

4. At the time of the motor vehicle collision on September 7, 1968, the plaintiff was an employee of the Panama Canal Company and was engaged in performing his duties as such employee.

5. The Panama Canal Company is a wholly-owned corporate agency and instrumentality of the United States with its principal offices at Balboa Heights, Canal Zone. 2 C.Z.C. §§ 61–75, 76A Stat. 8, 10–14. The Panama Canal Company is expressly authorized to sue and be sued in its own name. 2 C.Z.C. § 65(a) (3), 76A Stat. 11.

6. The administration of what was formerly called the Federal Employees' Compensation Act [now enacted into positive law as 5 U.S.C. §§ 8101–50] insofar as concerns employees of the Canal Zone Government and the Panama Canal Company, was transferred by the President of the United States to the Governor of the Canal Zone by Executive Order 2455 of September 15, 1916. The Governor has delegated such administration to the Panama Canal Company.

7. The Panama Canal Company has paid, under the terms of the Federal Employees' Compensation Act, i. e., 5 U.S.C. §§ 8101–50, injury compensation and medical benefits to and on behalf of the plaintiff, William Kenneth Price, as a result of the injuries suffered by plaintiff in the motor vehicle collision on September 7, 1968.

8. As of February 18, 1971, the Panama Canal Company had paid such benefits in the total amount of $26,003.41 as a result of plaintiff's said injuries. That total is composed of the following items: $10,382.80 in temporary compensation; $12,076.11 in a schedule award, and $3,544.50 for hospital bills.

9. On February 18, 1971, the plaintiff and defendants agreed upon a settlement and judgment was entered on the basis of that agreement against Richard Pretto, Esso Standard Oil, S. A., Limited and Esso Marine Supply Company, Limited, in the amount of $170,000.00.

10. The judgment of February 18, 1971 was satisfied by payment of $143,996.59 directly to the plaintiff and payment of $26,003.41 into the registry of the District Court.

11. Plaintiff paid his attorneys a fee of $51,000.00 for representing him in this action; and he incurred costs in the amount of $50.00 in connection with the suit.

12. Plaintiff has not reimbursed the Panama Canal Company or any other U. S. Government agency for any part of the compensation and medical benefits referred to above in Stipulation Number 8.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the parties and of the subject matter of the action.

2. The injuries incurred by plaintiff in the motor vehicle collision on September 7, 1968 were the result of the negligence of one Richard Pretto and such negligence is imputed to the employers of the said Richard Pretto who were Esso Standard Oil, S. A., Ltd. and that company's successor, Esso Marine Supply Company, Ltd.

3. Inasmuch as plaintiff's injuries were incurred during the course of his employment by the Panama Canal Company, a federal agency, the said Company was obligated to pay benefits to and on behalf of plaintiff pursuant to the law governing injury compensation and medical treatment of U. S. Government employees who suffer injury or death during the course of their em-

ployment, to wit, §§ 8101–8150 of Title 5, U.S.C. (1970 ed.)

4. The pamphlet attached to plaintiff's brief, entitled "Work Injury Benefits for Canal Zone Government and Panama Canal Company Employees", and designated as plaintiff's exhibit A, supports plaintiff's position. It, however, does not have the effect of law or regulation and is contrary to the actual effect of the statute. The statute, 5 U.S. C.A. § 8132, is as follows:

"§ 8132. Adjustment after recovery from a third person

"If an injury or death for which compensation is payable under this subchapter is caused under circumstances creating a legal liability in a person other than the United States to pay damages, and a beneficiary entitled to compensation from the United States for that injury or death receives money or other property in satisfaction of that liability as a result of suit or settlement by him or in his behalf, the beneficiary, after deducting therefrom the costs of suit and a reasonable attorney's fee, shall refund to the United States the amount of compensation paid by the United States and credit any surplus on future payments of compensation payable to him for the same injury. The amount refunded to the United States shall be credited to the Employees' Compensation Fund. If compensation has not been paid to the beneficiary, he shall credit the money or property on compensation payable to him by the United States for the same injury. However, the beneficiary is entitled to retain at least one-fifth of the net amount of the money or other property remaining, after the expenses of a suit or settlement have been deducted, plus an amount equivalent to a reasonable attorney's fee proportionate to the refund to the United States."

The statute is not easy to interpret, but a plain reading of it leads to the conclusion that under the facts herein presented, where the plaintiff has received a settlement large enough to permit a full refund and still allow plaintiff to retain a sum that is in excess of the minimum share of any money or other property remaining (at least one-fifth of the net amount remaining after the expenses of a suit or settlement have been deducted, plus an amount equivalent to a reasonable attorney's fee, proportionate to the refund to the United States) which he is guaranteed by the above statute, he is required to make a full refund to the United States (in this case, Panama Canal Company) and credit any remaining surplus on future payments of compensation payable to him for the same injury. If the amount of settlement were less than enough to guarantee to him one-fifth of the net remaining after expenses were deducted, plus the attorney's fee, he could then retain one-fifth and "an amount equivalent to a reasonable attorney's fee proportionate to the refund to the United States" which would be deducted from intervener's refund. Congress was apparently desirous of seeing that there be an incentive for a beneficiary to engage in litigation for recovery.

5. Plaintiff cites this Court's decision in Sandoval v. Mitsui Sempaku K. K. Tokyo, etc. (Cristobal Division, decided May 22, 1970). This case presented a different set of circumstances and the defendant, Panama Canal Company, contested the rate of the 45 percent contingent fee that the plaintiff contracted with counsel to pay. The Court ruled that the fee arrangement was not subject to discovery or to judicial review under Section 8132 and that the Government's refund should be reduced by a reasonable attorney fee under the statute that should be paid to the plaintiff himself. The amount of the judgment in *Sandoval* was approximately $60,000.-00 which, when reduced by the 45 percent attorneys'· fees, left a net recovery of $33,000.00 to be divided between Sandoval and the Panama Canal Company. Since about $24,000.00 in compensation benefits had been paid by the Government on behalf of Sandoval, for him to

receive the statutory minimum of one-fifth guaranteed by the fourth sentence of Section 8132, the Panama Canal Company's share would have to be reduced to something less than the $24,000.00 it had expended. This Court ruled that a reasonable attorney fee to be added to plaintiff's one-fifth should be one-third of the sum to be paid the Panama Canal Company and that 40 percent would be a reasonable fee in the event of an appeal. In this case, there is no need for the refund to be reduced in order to permit the plaintiff to receive the one-fifth of the net after the expenses of the suit and settlement are deducted. (The original record in *Sandoval* is before the Court of Appeals for the Fifth Circuit at this writing.)

6. Plaintiff is entitled to deduct from the judgment of $170,000.00 that was entered in his favor in this action on February 18, 1971 the costs of the action and a reasonable attorneys' fee. From the remainder, i. e., the net recovery, plaintiff is obligated to refund to the Panama Canal Company all injury compensation and medical benefits paid to him or on his behalf unless such refund would reduce the amount that plaintiff would retain of the said judgment to a sum less than the minimum share guaranteed to him by 5 U.S.C. § 8132.

■ 7. The attorneys' fee agreed to by plaintiff (which is shown by the record to have been calculated at the rate of 30 percent of the judgment, or a total of $51,000.00) is a reasonable attorneys' fee within the meaning of Section 8132 and may be deducted from the judgment. The minimum retainage by plaintiff authorized by Section 8132 may be calculated as follows:

| | |
|---|---:|
| One-fifth of net recovery (⅕ × $118,950.00) .... | $ 23,790.00 |
| Plus equivalent of attorneys' fee proportionate to Canal Company's refund (30% of $26,003.00) ................ | 7,801.00 |
| Plaintiff's Minimum Guarantee ................ | $ 31,591.00 |

■ If payment of a full refund is made to intervener for all of its expenditures of injury compensation and medical benefits, the actual retainage by plaintiff from the judgment would be calculated as follows:

| | |
|---|---:|
| Net recovery ........... | $ 118,950.00 |
| Less full refund to Canal Company ............ | 26,003.00 |
| Plaintiff retains ........ | $ 92,947.00 |

8. Inasmuch as plaintiff's actual retainage upon payment of a full refund to the Panama Canal Company would be $92,947.00 and the amount that he is guaranteed by Section 8132 is $31,591.00, the Panama Canal Company is entitled to recover the full refund of the compensation expenses which it has incurred, i. e., $26,003.41.

9. The Panama Canal Company is also entitled to judgment for interest that may have been realized on the deposit of $26,003.41 in the registry of the court, less the appropriate amount that is required to be deducted by way of the clerk's commission for caring for the fund, all as prescribed by 5 C.Z.C. § 415, 76A Stat. 307.

10. The clerk shall prepare a judgment in accordance with these findings.